{¶ 1} Defendant-appellant Jesse D. Shaffer ("Shaffer") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to a total of four years in prison.
 {¶ 2} On May 3, 2002, Shaffer was indicted on two counts of rape, two counts of kidnapping, two counts of unlawful sexual conduct with a minor and one count of attempted unlawful sexual conduct with a minor. A jury trial was held from September 17, 2002, until September 19, 2002. At the conclusion of the trial, the jury found Shaffer not guilty of the rape and kidnapping charges, but guilty of the unlawful sexual conduct with a minor charges and guilty of the attempted unlawful sexual conduct with a minor. These charges are felonies of the fourth and fifth degrees respectively. Fifteen minutes after the conclusion of the trial, a sexual predator hearing was held. Based upon the evidence presented at trial, the trial court found Shaffer to be a sexual predator. The sentencing hearing was held immediately after.[1]
 {¶ 3} At the sentencing hearing, the trial court considered the evidence presented at trial. The State was unable to present evidence concerning any prior criminal record that Shaffer may have had, so the trial court could not consider that factor. The trial court sentenced Shaffer to serve 18 months in prison on each of the fourth degree felonies and 12 months in prison for the fifth degree felony. The trial court then ordered that the sentences be served consecutively. It is from this judgment that Shaffer appeals.
 {¶ 4} Shaffer raises the following assignment of error.
 The trial court did not make the appropriate findings to support the imposition of consecutive sentences upon [Shaffer].
 {¶ 5} In this case, the trial court imposed maximum, consecutive sentences.
 (B) Except as provided in [R.C. 2929.14(C), (D)(1), (D)(2), (D)(3), or (G), R.C. 2907.02, or R.C. 2925], if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in [R.C. 2929.14(G) or in R.C. 2925], the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for he offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes * * *.
 * * *
 [(E)(4)] If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14.
 {¶ 6} In this case, the trial court had no evidence of any prior criminal activity, except for traffic violations, by Shaffer either as a juvenile or as an adult. The trial court then found that Shaffer had no prior criminal history. The trial court then went on to make the following findings.
 The Court finds that a prison term is consistent with the purposes and principles of sentencing set forth in Section 2929.11 of the Revised Code. That the Defendant is not amenable to an available community control sanction. The Court finds that the Defendant is manipulative, not to be trusted, a liar, a dangerous person who sees himself being able to do whatever he wants to do to whoever he can do it as often as he wants and as often as he can. This Defendant is an absolute menace and he should be locked up and this Court is going to lock him up —
 Shaffer: Can I look in that cooler.
 The Court: ___, in the following way. The Defendant is sentenced to, —
 Shaffer: There's got to be —
 The Court: ___, Count III for a term of 18 months; to the Count IV to a term of 12 months; and to County VII to a term of 18 months. All of those sentences are to be run consecutively. The Court finding that the Defendant poses the greatest likelihood of reoffending, poses the greatest risk to the public. The Court finds that the minimum sentence would demean the seriousness of the Defendant's conduct. The Court finds that the Defendant has committed one of the worst forms of the offenses for which he has been convicted because, in fact, of all the deception and the lies and the setting these girls up, —
 Shaffer: What lies?
 The Court: ___, by pretending to be this 17 year old high school student.
 Shaffer: He said I set these up.
 Mr. Weller: Sh.
 The Court: That the Defendant must, the Court finds, serve consecutive service as it is necessary to protect the public from future crime and necessary to adequately punish the offender. That the seriousness of the offense requires consecutive service. That the danger posed to the public by the offender is great unless consecutive service is required. The Court finds that the harm was so great and unusual that no single prison term adequately reflects the seriousness of the offender's conduct.
Tr. 572-575.
 {¶ 7} The trial court made a finding that harm caused by the offenses was so great that a single sentence would neither adequately punish Shaffer nor adequately protect the public. The trial court specifically found that consecutive sentences were necessary to reflect the seriousness of the offenses. However, the trial court failed to set forth its reasons on the record as to why the harm caused was so great or unusual that a single prison term was not adequate as required by R.C.2929.19(B)(2)(c). State v. Schmidt, 3rd Dist. No. 10-01-10,2002-Ohio-490. Thus, the assignment of error is sustained.
 {¶ 8} The judgment of the Court of Common Pleas of Auglaize County is reversed and remanded for further proceedings.
Judgment reversed and cause remanded.
SHAW and CUPP, JJ., concur.
[1] Neither Shaffer's attorney nor the attorney for the State objectedto the immediate hearings. Shaffer himself did complain about the lack oftime to prepare for the sentencing hearing. However, this matter is notraised upon appeal.